262 So.2d 414 (1972)
Gordon ARNOLD, Defendant-Appellant,
v.
Carl QUILLIAN, Plaintiff-Appellee.
No. 46645.
Supreme Court of Mississippi.
May 22, 1972.
*415 William G. Kemp, Holly Springs, L. Hamer McKenzie, Ashland, for defendant-appellant.
Fant, Crutcher & Moore, Holly Springs, for plaintiff-appellee.
GILLESPIE, Chief Justice:
Carl Quillian sued Gordon Arnold for slander. From a judgment of the Circuit Court of Mashall County in favor of plaintiff, defendant appeals to this Court. We affirm.
Plaintiff, a Highway Patrolman, answered a call at 9:30 o'clock on a Friday night to investigate an automobile accident involving defendant's automobile. Plaintiff arrested defendant for public drunkenness and took him to jail. He did not search defendant. Defendant was locked up until about nine a.m., the next day, when he was released. At noon Sunday, defendant called the jailor (a deputy sheriff) and asked about the procedure and whom to talk to about "the son-of-a-bitch" Carl Quillian that jailed him on Friday night and took $2100 from him. Defendant was referred to the sheriff. Defendant then telephoned the sheriff at his home and told the sheriff that he had $400 in his billfold (which was not taken) and that plaintiff, whom he repeatedly referred to as a "thieving son-of-a-bitch," had taken $2100 from his left front pocket. About a week after the arrest, defendant telephoned plaintiff at the latter's home and called him a "lying, thieving, son-of-a-bitch." Defendant later called the Highway Patrol Office at New Albany and told them that plaintiff had taken his $2100. In his testimony defendant stated that he told six or seven people that plaintiff took his money. When investigators of the Highway Patrol talked to him, defendant repeated his charges and repeatedly used curse words. After an investigation by Highway Patrol authorities, plaintiff was exonerated of taking defendant's money.
This appeal raises the following questions:
(1) Assuming that all the slanderous statements made by defendant were made on conditionally privileged occasions, the question is whether the defendant abused the privilege; in other words, were the statements made in good faith and without malice?
The presumption of good faith goes with the privilege; therefore, the burden of showing bad faith is on the plaintiff. Louisiana Oil Corp. v. Renno, 173 Miss. 609, 157 So. 705 (1934). Statements made intemperately and in anger are not necessarily made maliciously if the defendant honestly believes plaintiff's conduct *416 to be such as he described it. Scott-Burr Stores Corp. v. Edgar, 181 Miss. 486, 177 So. 766 (1938). We hold that there was ample basis for the jury to find that the conditionally privileged occasion was abused, and that the slanderous statements charging plaintiff with being a thief were false and made out of ill will and spite, and in bad faith. Sumner Stores of Miss., Inc. v. Little, 187 Miss. 310, 192 So. 857 (1940).
(2) Should the testimony of the deputy sheriff and jailor, the sheriff, and the Highway Patrol investigators have been excluded?
Defendant contends that a person is entitled to state in confidence what he believes to be the truth about another when communicating with the proper law enforcement officials and when inquiring of property lost or stolen. Public policy recognizes that there are occasions when communications made to public officials should be privileged. However, in this case, the jury was fully justified in finding that the statements were motivated by malice and made in bad faith. The court properly admitted the testimony of the officers under the circumstances of this case.
(3) Defendant raises certain questions about the instructions given the jury, but we are of the opinion that the jury was properly instructed when all the instructions are read together. We find it necessary to comment specifically on only one of these instructions. The jury was instructed by plaintiff's instruction No. 6 that an unsustained plea of truth constituted an aggravation of the wrong, and that the jury could, in its discretion, award punitive damages therefor. Under the facts of this case, this instruction was not error. 50 Am.Jur.2d, Libel and Slander, § 370, p. 895.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.